844 A.2d 1216

**E.W. BOWMAN, INC. and Vigilant Insurance**
**Company, Appellants,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WILSON**
**and Great American Insurance Company), Appellees.**

Supreme Court of Pennsylvania.

Argued March 1, 2004.

Decided March 17, 2004.

Joseph E. Fricker, Jr., Pittsburgh, for E.W. Bowman, Inc. et al.

Christopher Pierson, Pittsburgh, for Great American Insurance Company.

Amber Marie Kenger, Mechanicsburg, Richard C. Lengler, Harrisburg, for WCAB.

Daniel K. Bricmont, Pittsburgh, for William Wilson.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## ORDER

PER CURIAM:

The Order of the Commonwealth Court is affirmed.

Justice NEWMAN files a dissenting statement.

Justice NEWMAN.

## DISSENTING STATEMENT

I believe that the Commonwealth Court incorrectly interpreted Section 306(c)(8)(vi) of the Workers' Compensation Act (the Act), 77 P.S. § 513(8)(vi), to prevent apportionment of costs between multiple insurance companies, merely because that section permits only an "employer" to assert divided liability. *E.W. Bowman, Inc. v. WCAB (Wilson)*, 809 A.2d 447, 451–2 (Pa.Cmwlth.2002). Section 305(a)(1) of the Act states that

> Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, authorized to insure such liability in this Commonwealth, unless such employer shall be exempted by the department from such insurance. **Such insurer shall assume the employer's liability hereunder**

and *shall be entitled to all of the employer's immunities and protection hereunder* . . .

77 P.S. § 501(a)(1)(emphasis supplied). The ability to join additional liable parties in a workers' compensation proceeding is certainly a protection available to the employer and I see no reason why it should not be similarly available to the insurer, especially in light of the above-cited statutory pronouncement. Given the position of the insurer, who essentially becomes the employer through the language of the Act and the terms of the individual insurance contract, I believe that it is improper to burden the insurer with liability that did not arise during the course of its contractual relationship with the employer. I, therefore, respectfully dissent from the *per curiam* affirmance of the Order of the Commonwealth Court.